NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001038
04-SEP-2015
07:59 AM

NO. CAAP-14-0001038

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

ELLEN SHIRAKI,
Plaintiff-Appellant,
v.
HIPAWAI CORPORATION, A HAWAI'I CORPORATION,
Defendant-Appellee
and
JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 11-1-3226)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Fujise, JJ.)

Plaintiff-Appellant Ellen Shiraki (**Shiraki**) appeals from a July 8, 2014 Final Judgment of the Circuit Court of the First Circuit[1] (**circuit court**).

On appeal, Shiraki contends the circuit court:

(1) erred in granting Defendant-Appellee Hipawai Corporation's (**Hipawai**) Motion for Summary Judgment because Shiraki had standing to bring her lawsuit based on Hipawai's violations of the Fire Code of the City and County of Honolulu (**Honolulu Fire Code**); and

(2) abused its discretion in awarding Hipawai's

_____

[1] The Honorable Rhonda A. Nishimura presided.

attorneys' fees and costs pursuant to Hawaii Revised Statutes (**HRS**) § 607-14.5 (Supp. 2014) because summary judgment was inappropriate, and because Shiraki's claims were not frivolous or groundless.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Shiraki's appeal is without merit.

Shiraki's December 30, 2011 Complaint against Hipawai alleged Hipawai was in violation Section 12-45.1-26 of the Honolulu Fire Code in that the six buildings on the Hipawai property were not "located within 150 feet 'from a water supply'[;] which [could] be used to fight a fire to protect the lives and properties on the Hipawai [property]" and the adjacent properties of Shiraki and others.

At the time Shiraki filed her Complaint there was no Section 12-45.1-26 of the Honolulu Fire Code. There had been a Section 12-45.1-26 of the State of Hawai'i Fire Code (**State Fire Code**), but that had been repealed January 1, 2010.

Section 12-45.2-92[2] of the State Fire Code was adopted,

---

[2]     §12-45.2-92 of the State Fire Code provides as follows:

**§12-45.2-92 Required water supply for fire protection.** Section 18.3.1 is amended to read as follows: "A water supply approved by the county, capable of supplying the required fire flow for fire protection shall be provided to all premises upon which facilities or buildings, or portions thereof, are hereafter constructed, or moved into or within the county. When any portion of the facility or building is in excess of 150 feet (45 720 mm) from a water supply on a fire apparatus access road, as measured by an approved route around the exterior of the facility or building, on-site fire hydrants and mains capable of supplying the required fire flow shall be provided when required by the [authority having jurisdiction (**AHJ**)]. For on-site fire hydrant requirements see section 18.3.3.

EXCEPTIONS:

1.     When facilities or buildings, or portions thereof, are completely protected with an
(continued...)

effective January 1, 2010 and replaced Section 12-45.1-26, but Section 12-45.2-92 only applied to facilities or buildings, or portions thereof, that were constructed after January 1, 2010. The Hipawai buildings were constructed in the 1960s. The prior Section 12-45.1-26, effective November 30, 2001 and repealed effective January 1, 2010, also did not apply to facilities or buildings, or portions thereof, that were constructed prior to its effective date, November 30, 2001.

There was no Honolulu Fire Code or State Fire Code 150 foot water supply requirement that applied to the Hipawai property. Shiraki cited no other authority other than the one repealed, the previously inapplicable Section 12-45.1-26 of the State Fire Code, and later, in this appeal, the inapplicable Section 12-45.2-92 of the State Fire Code.

Therefore, the circuit court did not err in entering summary judgment against Shiraki. Similarly, the circuit court did not abuse its discretion in awarding fees and costs pursuant to HRS § 607-14.5 as Shiraki's Complaint was "frivolous" and "not reasonably supported by facts and law." Additionally, pursuant to HRS § 607-14.5, Hipawai had requested in writing that Shiraki drop her frivolous lawsuit, because Hipawai's property was not in violation of any Fire Code in that the buildings had been constructed more than 50 years ago.

---

[2] (...continued)
approved automatic fire sprinkler system, the provisions of section 18.3.1 may be modified by the AHJ.

2. When water supply requirements cannot be installed due to topography or other conditions, the AHJ may require additional fire protection as specified in section 18.3.2, as amended in this code.

3. When there are not more than two dwellings, or two private garages, carports, sheds and agricultural Occupancies, the requirements of section 18.3.1 may be modified by the AHJ."
[Eff JAN 01 2010]
(Auth: HRS §132-3)(Imp: HRS § 132-3)

3

Therefore,

IT IS HEREBY ORDERED that July 8, 2014 Final Judgment of the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, September 4, 2015.

On the briefs:

Rebecca A. Copeland,
Terry Nui Yoshinaga,
and
Guy A. Sibilla
(Sibilla & Wildman of counsel)
separately for
Plaintiff-Appellant.

Kelly G. LaPorte
(Cades Schutte)
for Defendant-Appellee.

Chief Judge

Associate Judge

Associate Judge

4